**SHAO LING ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–2809–ag.**

United States Court of Appeals, Second Circuit.

May 11, 2007.

Frank R. Liu, Esq., New York, N.Y., for Petitioner.

Katharine J. Smith, Assistant United States Attorney (Alice H. Martin, United States Attorney, Northern District of Alabama, on the brief), Birmingham, AL, for Respondent.

Present: Hon. RALPH K. WINTER, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

***SUMMARY ORDER***

Petitioner Shao Ling Zhang, a citizen of the People's Republic of China, appeals from the May 19, 2006 decision of the BIA,

which affirmed without opinion Immigration Judge ("IJ") William F. Jankun's denial of petitioner's motion to reopen removal proceedings for failure to receive notice pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii). *In re Shao Ling Zhang,* No. A95 525 300 (B.I.A. May 19, 2006), *aff'g* No. A95 525 300 (Immig. Ct. New York, N.Y. Nov. 1, 2005). We assume the parties' familiarity with the underlying facts of the case, its procedural history and the arguments on appeal.

When the BIA summarily affirms the IJ's decision, we review directly the IJ's decision. *Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir.2006). We review the denial of petitioner's motion to rescind an order of removal *in absentia* for abuse of discretion, "which may be found if the decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks omitted). The IJ properly held that petitioner had failed to overcome the presumption of receipt of her Notice of Appearance.

If "the record establishes that the notice was accurately addressed and mailed in accordance with normal office procedures," the BIA applies a rebuttable presumption that petitioner received the notice. *Lopes v. Gonzales,* 468 F.3d 81, 85 (2d Cir.2006). The BIA then considers "all relevant evidence" to determine whether petitioner has rebutted the presumption. *Id.* at 86. Respondent mailed a Notice of Appearance to the address at which petitioner resides and at which petitioner subsequently received the notice of removal *in absentia,* as evidenced by petitioner's filing of the motion to reopen. Though petitioner alleges that vandalism to her mailbox prevented her receipt of the Notice of Appearance, she failed to present any evidence of a report to any authority regarding the vandalism. In light of petitioner's

receipt, at the same address, of the notice of the order of removal *in absentia,* and of petitioner's failure to appear at two separate hearings, the IJ did not abuse his discretion when he concluded that petitioner's uncorroborated claim of mailbox vandalism failed to rebut the presumption of receipt of the Notice of Appearance.

For the foregoing reasons, we DENY the petition.